

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**ENTERED**
**09/10/2010**

| | | |
|---|---|---|
| IN RE: | § | |
| EDGE PETROLEUM CORPORATION, *et al* | § | CASE NO: 09-20644 |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |
| | § | |
| DAVID BLAKE, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-2007 |
| | § | |
| EDGE PETROLEUM CORPORATION, *et al* | § | |
|     Defendant(s) | § | |

## <u>MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT</u>

On this day came on for consideration the Motion for Summary Judgment filed by Edge Petroleum Exploration Company, Edge Petroleum Operating Company, Inc., and Edge Petroleum Production Company (the "Reorganized Subsidiaries") against David Blake ("Blake"), David L. Blake, Trustee of the David and Nita Blake 1992 Childrens' Trust (the "Trust")(collectively "Plaintiffs"), Future Royalties, Inc., Blakenergy, Ltd, Blakenergy, Inc., Blakenergy Operating, LLC, Future Exploration, Inc., and David Blake Family Partnership, Ltd. The Court, having heard the arguments of counsel, and having reviewed the pleadings, briefs, and summary judgment evidence, finds that there are no genuine issues of material fact and judgment should be granted in favor of the Reorganized Subsidiaries.

## UNCONTROVERTED FACTS

On August 26, 2005, Blake and the Trust sued Edge in Goliad County, Texas District Court (the "State Court Action"). The State Court Action was transferred to Harris County District Court on November 10, 2005. Blake alleges while he was employed by Edge Petroleum Corporation ("EPC"),  EPC entered joint operating agreements with other industry participants

which, among other things, defined their respective rights to share proportionately in future lease acquisitions made within an area of mutual interest ("AMI") and stated that as among those participants, any leases acquired within such AMI would be burdened with an overriding royalty interest payable to certain EPC employees, including Blake. After Blake left EPC and after the AMI terminated, EPC acquired leases in the vicinity of the former AMI. Blake alleged in the State Court Action that he was entitled to overriding royalty benefits on those leases, as a third party beneficiary of the joint operating agreements which EPC had entered with other industry participants, notwithstanding the fact that (1) Blake was not a signatory to any of these agreements; (2) the joint operating agreements expressly disclaimed any third party beneficiaries; (3) the AMI had long since expired; and (4) the plat which described the AMI was unenforceable under the statue of frauds. It is undisputed that no overriding royalty interest was ever actually conveyed to Blake or any other Plaintiff.

Blake claims that he assigned his rights to receive overriding royalty interests to the Trust. In the State Court Action, Blake and the Trust, as Plaintiffs, asserted breach of contract claims against EPC based on EPC's alleged failure to deliver overriding royalty interests to Plaintiffs, and to make payments to the Plaintiffs thereon. Even though Blake claimed he had assigned rights to the Trust, Blake later claimed he also assigned these rights to another entity he controlled, the David Blake Family Partnership, Ltd. ("FLP"), which later also filed claims in the State Court Action as a third party plaintiff, asserting that it is the assignee of Blake's rights as an alleged third party beneficiary.

Plaintiffs amended their state court petition several times to assert additional claims and add additional parties as defendants to the State Court Action, including the Reorganized Subsidiaries. In the State Court Action, the Reorganized Subsidiaries filed counterclaims against

Blake and the Trust, as counter-defendants, and direct claims against additional third parties.

On October 1, 2009, the Reorganized Subsidiaries and certain other affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this court. On October 5, 2009, this court entered an order for joint administration which provided that "the Bankruptcy Clerk shall maintain separate claim registers for each of the Debtors' cases and all proofs of claim shall be filed in the case in which the claim is asserted." On October 8, 2009, the Reorganized Subsidiaries filed a Suggestion of Bankruptcy in the State Court Action, informing all parties that the bankruptcy had been filed and the State Court Action was stayed.

In the November 3, 2009, order establishing a bar date, this court required that proofs of claim must "be filed in respect of a single Debtor, and claims against multiple Debtors must be filed on separate proofs of claim." On December 1, 2009, Blake and the Trust filed proof of claim number 334 in the chapter 11 case of Edge Petroleum Corporation ("EPC")(case no. 09-20644). No other proof of claim was filed by or on behalf of any of the Blake entities.

This court entered an Order Confirming the Debtors' First Amended Plan of Reorganization on December 14, 2009 (the "Confirmation Order"). The Plan of Reorganization became effective and was deemed substantially consummated on December 31, 2009. Robert E. Ogle was approved as Liquidating Trustee of the Debtors as provided in the Plan of Reorganization. All causes of action were discharged in the Plan of Reorganization and the Confirmation Order, which provide as follows:

> Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all Claims, Interest, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of

whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim or Interest based upon such debt, right, claim, or Interest is Filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right or Interest is allowed pursuant to section 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan. Subject to the terms of the Plan and the confirmation Order, any default by the Debtors or their Affiliates with respect to any Claim or Interest that existed immediately prior to or on account of the Filing of the chapter 11 cases shall be deemed satisfied on the Effective Date. Subject to the terms of the Plan, the confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring. Subject to the terms of the Plan, the confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtors, their Estates, Reorganized Edge, the Reorganized Subsidiaries and all successors thereto. As provided in section 524 of the Bankruptcy Code, subject to the terms of the Plan, such discharge shall void any judgment against the Debtors, their Estates, Reorganized Edge, the Reorganized Subsidiaries or any successors thereto at any time obtained to the extent it relates to a Claim or Interest discharged, and operates as an injunction against the prosecution of any action against Reorganized Edge, the Reorganized Subsidiaries or their respective property and assets to the extent it relates to a discharged Claim or Interest.

- - Plan of Reorganization at §12.09 (docket no. 369); Confirmation Order at ¶94(a) (docket no. 368).

The Plan of Reorganization defines "Causes of Action" as follows:

"Causes of Action" means all actions, causes of action, liabilities, obligations, rights, suits, damages, judgments, remedies, demands, setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims, or any other claims whatsoever, whether known or unknown, matured or unmatured, fixed or contingent, liquidated or unliquidated, disputed or undisputed, suspected or unsuspected, forseen or unforeseen, direct or indirect, choate or inchoate, existing or hereafter arising, in law, equity, or otherwise, based in whole or in party upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Cases, including through the Effective Date.

- - Plan of Reorganization at §1.02(20) (docket no. 369).

On February 26, 2010, the Reorganized Subsidiaries filed a Notice of Removal in the State Court Action and this adversary proceeding was initiated.

## JURISDICTION AND VENUE

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409 because this proceeding is related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment,  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("[T]he substantive law will identify which facts are material.").  Only disputes about material facts will preclude granting of summary judgment.  *Id.*  In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists.  *See Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990).

Once the Movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).  "[T]his burden is not satisfied with some 'metaphysical doubt as to the material' …by 'conclusory allegations,' …by 'unsubstantiated assertion,' or by only a 'scintilla of evidence.'"  *Id.* Rather, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Fed.R.Civ.P. 56(e).  If the non-movant fails to meet this burden, then summary judgment is appropriate.  *See Tubacex, Inc. v. MV  Risan* 45 F.3d 951, 954 (5th Cir. 1995).

**DISCUSSION**

The uncontroverted facts demonstrate that under the Plan of Reorganization and the Confirmation Order, the Debtors, including the Reorganized Subsidiaries, received a discharge of all claims and causes of action. The claims of Blake and all related parties fall within the scope of the discharge granted. The Plan of Reorganization defines "claim" by reference to Bankruptcy Code section 101(5):

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

- - 11 U.S.C. §101(5)

Under the Bankruptcy Code, a claim against the debtor includes claims against property of the debtor. 11 U.S.C. §102(2). The Bankruptcy Code definition is consistent with the Plan of Reorganization and the Confirmation Order, which discharged not only claims against the Debtors, but claims against any assets of the Debtors.

In their Seventh Amended Petition, Plaintiffs assert the following causes of action: (A) breach of contract, for which Plaintiffs seek specific performance (the conveyance of overriding royalty interest); (B) breach of contract, for which Plaintiffs seek damages; (C) business disparagement, for which Plaintiffs seek damages; (D) slander *per se*, for which Plaintiffs seek damages (E) tortious interference, for which Plaintiffs seek damages; (F) alter ego/joint and several liability (not an independent cause of action); (G) breach of compromise and settlement agreement, for which Plaintiffs seek damages and specific performance.

Third Party Defendant FLP asserts similar counterclaims against the Reorganized

Subsidiaries: (A) money had and received, for which FLP seeks damages; (B) tortious interference, for which FLP seeks damages; (C) breach of contract, for which FLP seeks damages; (D) request for declaratory judgment determining FLP's rights, remedies, and obligations under and arising out of the 1997 Austin Participation/Operating Agreement.

The uncontroverted facts show that the all of the claims arose before the Effective Date and before the Petition Date. Therefore, all of the Blake-Related Claims listed above constitute claims or causes of action that are discharged under the Plan of Reorganization and Confirmation Order. No summary judgment evidence was presented to raise a fact question on Plaintiffs' contention that they were royalty interest owners, that they are beneficiaries of covenants running with the land, or that Reorganized Subsidiaries are estopped by any of their actions in the bankruptcy case. Moreover, neither FLP nor any of the third party defendants filed a proof of claim in this case. The only proof of claim was filed by Blake and the Trust against EPC.

## CONCLUSION

For the reasons stated above, the Court finds that there are no genuine issues of material fact and summary judgment should be entered in favor of the Reorganized Subsidiaries. Counsel for the Reorganized Subsidiaries shall prepare an order consistent with this Memorandum Opinion and file it under greensheet within ten days from the date below.


SIGNED 09/10/2010.

Richard S. Schmidt
United States Bankruptcy Judge